NEIL SKOUSEN (10064)
ATTORNEY AT LAW
P.O. Box 1771
Orem, UT 84059-1771
Tel. 801-376-6666
Email: Ndskousen@aol.com

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBIN SNYDER, | COMPLAINT |
| Plaintiff, | |
| vs. | Case No. |
| SHREE KRISHNA HOSPITALITY LLC *dba* MIDVALE INN, a Utah Limited Liability Company, SHREE KRISHNA HOSPITALITY LLC *dba* PARK INN BY RADISSON, a Utah Limited Liability Company, | Judge |
| | Jury Trial Demanded |
| Defendants. | |

## NATURE OF THE CASE

This is a Complaint and action filed by Plaintiff, Robin Snyder ("Snyder" or "Plaintiff")

against Shree Krishna Hospitality LLC *dba* Midvale Inn and Shree Krishna Hospitality LLC *dba*

Park Inn by Radisson (all Defendants collectively referred herein as the "Defendants" or "Shree

Krishna Hospitality LLC" or "Midvale Inn") pursuant to and under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, the

Americans with Disabilities Act 42 U.S.C. §12112, et seq., as amended ("ADA"), the Americans

with Disabilities Act Amendments Act ("ADA"), The Age Discrimination in Employment Act of

1967, 29 U.S.C. § 621 et seq. ("ADEA"), and the Utah Antidiscrimination Act of 1965 Utah Code

Ann. § 34A-5-101, et seq. ("UADA"), all acts and statutes as amended, to correct unlawful employment discrimination practices on the basis of sex/gender discrimination-female; sex/gender – quid pro quo sexual harassment; sex/gender – sexual harassment/hostile work environment; disability; age – 40 years of age or older; retaliation for complaining about and reporting sexual harassment, gender-female discrimination, age discrimination, disability discrimination and hostile work environment; and, constructive discharge of Plaintiff's employment by Defendants, and to provide appropriate relief to Plaintiff who was adversely affected by such unlawful practices.

Second, Plaintiff's allegations give rise to a claim of punitive damages because the acts of Defendants were egregious, willful and malicious and manifested a knowing and reckless indifference toward and with a callous disregard of the federally protected rights of Plaintiff.

Plaintiff further alleges against Defendants as follows:

## PARTIES, JURISDICTION, VENUE AND PRELIMINARY FACTS

1. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

2. Plaintiff, Robin Snyder, a female born in the year 1958, who is a resident of the State of Utah, is the alleged aggrieved party, and is therefore authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), applicable provisions of the ADA, ADEA, UADA and under the State of Utah statutory tort law claims.

3.  Plaintiff was employed by Defendants in the State of Utah in or about December 2015 until she was constructively discharged from her employment in or about February 2016, due to Defendants hostile work environment and other claims herein.

4.  Defendants have been operating business entities in the State of Utah, or formerly operated business entities in the State of Utah, and registered such business entities in the State of Utah, has employed Plaintiff at all relevant times to this action, and may have done business as Midvale Inn and/or Park Inn by Radisson at all relevant times to this action.

5.  Defendants have employed fifteen (15) or more employees in the State of Utah at all times relevant to this action.

6.  For purposes of the ADEA, Defendants have employed twenty (20) or more employees in the State of Utah at all times relevant to this action.

7.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343, and the applicable provisions of the ADA ADEA, and UADA.  Venue is proper and this action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988, and the applicable provisions of the ADA, ADEA and UADA.

8.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state laws which prohibit harassment and discrimination against employees because of their sex/gender, age, disability, hostile work environment, and which prohibit retaliation.

9.  The employment practices and claims alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

10. The action properly lies in the District of Utah, Central Division pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in the judicial district.

11. At all relevant times in this action, Defendants were subject to the jurisdiction of the court and subject to the applicable federal statutes, claims and acts asserted herein.

12. At all relevant times, Plaintiff was employed by Defendants, as an employer and businesses, engaged in the business of hotels, motels, traveler accommodations, and other related industries/businesses affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and applicable provisions of the ADA, ADEA, UADA, and other federal statutes, claims and acts asserted herein.

13. Plaintiff filed a timely charge of discrimination with the Utah Anti-Discrimination & Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") charging discrimination based on, *inter alia*, Plaintiff's claims asserted in such charge of discrimination and this Complaint herein.

14. Plaintiff received her Notice of Suit Rights/Right to Sue letter from EEOC on or about October 24, 2022 after EEOC initiated the mailing of the Notice of Suit Rights/Right to Sue letter to Plaintiff via U.S. Mail on October 20, 2022.  This Complaint is filed with this court within 90 days of receiving the above-referenced EEOC Letter which is filed or attached with this Complaint.

15. Plaintiff has satisfied all administrative prerequisites associated with her claims of discrimination and retaliation and has exhausted her administrative remedies.

## Statement of Facts

16. Ms. Snyder was a resident of Salt Lake County, State of Utah, at the time she was employed by Defendants. Ms. Snyder now resides in Washington County, State of Utah.

17. Snyder worked for Defendants as a Breakfast Attendant.

18. Snyder is a female.

19. Snyder was 57 years old at the time she was constructively discharged by Defendants.

20. Snyder performed her job duties well.

21. Snyder job performance reviews were excellent.

22. Snyder asserts she was constructively discharged, in or about February 2016, by Defendants on the basis that Defendants discriminated against Plaintiff due to her age/57 years old, sex/gender discrimination-female; sex/gender – quid pro quo sexual harassment; sex/gender – sexual harassment/hostile work environment; disability; retaliation for complaining about and reporting sexual harassment, gender-female discrimination, age discrimination, disability discrimination and hostile work environment.

23. In or about December 2015, Snyder learned that the Midvale Inn was looking for a Breakfast Attendant.

24. Snyder filled out and turned in an application for the job of Breakfast Attendant at the Midvale Inn.

25. Snyder was called on the telephone by Jim Pratt of the Midvale Inn.

26. Pratt asked Snyder if she wanted the job of Breakfast Attendant.

27. Snyder replied Yes but informed Pratt that she was on disability with a heart pacemaker, back problems, arthritis, was on medications, and could not do any heavy lifting.

28. Pratt authorized Snyder to work 4 hours per day on a 5-day work week.

29. Snyder's first day of work was on or about December 29, 2015.

30. Snyder did not interact with Pratt after that time.

31. Snyder then met a male person by the name of "KK" who represented himself as the Midvale Inn Manager or Owner.

32. On or about January 19, 2026, KK conducted a meeting with the front desk employees wherein KK told them that his friend was going to take over the Breakfast Attendant duties and that Snyder would be reassigned to heavy labor maid/housekeeping work.

33. Despite Defendants knowledge of Snyder's disabilities, KK said that if Snyder did not agree to be reassigned to maid/housekeeping then KK would terminate her employment.

34. Snyder was informed of KK's decision by two of Defendants employees – one of which was the Supervising Housekeeper who were present in KK's meeting.

35. On or about February 4, 2016, KK called Snyder on the telephone and informed her personally that he was going to have his friend take over the job duties as Breakfast Attendant and that Snyder would be reassigned to do the maid/housekeeping job.

36. Snyder informed KK that she was disabled, that Pratt had promised her the Breakfast Attendant job due to her disability, and that Snyder could not perform the maid/housekeeping work due to heavy lifting required.

37. Snyder told KK that she needed to work as the Breakfast Attendant due to her disabilities. KK told her "No" and that Snyder would be terminated if she didn't transfer her job over to maid/housekeeping within two (2) weeks.

38. Snyder told him she would work in the kitchen as he Breakfast Attendant for the next two weeks but that she also planned on continuing to work as the Breakfast Attendant after as well. KK ended the conversation.

39. Snyder was required to train a younger-aged employee as Breakfast Attendant to replace her.

40. On or about February 5, 2016, Snyder was sexually harassed by a younger-aged male coworker named Josh though text messages and other communications.

41. Josh, Defendants Maintenance Manager, told Snyder he was attracted to older women.

42. Josh texted graphic sexual text messages to Snyder that she is "beautiful and sexy" and he would love to see Snyder's breasts.

43. On or about February 5, 2016, Snyder reported this sexual harassment incident to Defendants Manager, Hillary.

44. Hillary asked how Snyder knew it was Josh.

45. Snyder then provided all the sexually graphic text messages to Hillary and gave Hillary the phone number.

46. Hillary confirmed that the telephone number belonged to Josh, Defendants Manager.

47. Snyder repeated to Hillary what Josh had communicated to Snyder about the sexual texts.

48. Hillary said that she would contact KK because she wasn't for sure how to handle something like this.

49. Hillary took Snyder's telephone number down and assured Snyder she would report this sexual harassment allegation to KK immediately.

50. Snyder did not hear anything back from Hillary, KK or any other of Defendants representatives.

51. On or about February 8, 2016, despite feeling the emotional pain of being sexually harassed and KK's discrimination, Snyder went into work.

52. Snyder felt severely uncomfortable not knowing if she was going to run into Josh at work and that KK told her she would be terminated unless she transferred to the maid/housekeeping job she was unable to perform due to her disabilities.

53. Due to this overwhelming hostile work environment, Ms. Snyder quit her job on or about February 8, 2016.

54. Defendants did not contact Ms. Snyder again about the status of her complaints about sexual harassment, discrimination claims, and retaliation.

55. Ms. Snyder believes she was discriminated against, retaliated against, and constructively discharged as if she was fired.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of ADA and UADA – Discriminatory Treatment and Termination)**

56. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

57. Defendants are covered entities under the ADA and within the meaning of 42 U.S.C. §12101, et seq., as amended.

58. At all times relevant to this action,  Plaintiff was disabled within the meaning of 42 U.S.C. §12102, as amended.

59.    At all times relevant to this action,  Plaintiff was a qualified individual with a disability who was able to perform the essential functions of her job, with or without a reasonable accommodation appropriate under the circumstances.

60.    Defendants knew of  Plaintiff's actual disability, regarded her as disabled, and/or knew she had a record of such disability.  Defendants harassed her, created a hostile work environment, and then later terminated Plaintiff because of her disability.

61.    Despite Defendants actual knowledge, perception, and regard for Plaintiff's disability, Defendants were well aware of Plaintiff's  restrictions on lifting and other daily activities at work.

62.    As a direct result of her disability and Defendants discriminatory conduct towards Plaintiff, Defendant harassed and terminated Plaintiff in violation of the ADA.

63.    Defendants conduct violates the ADA and as a result of such violation,  Plaintiff is entitled to recover her compensatory damages in an amount to be established at trial, and she is entitled to an award of her lost wages, benefits, front pay in lieu of reinstatement, pre-judgment and post-judgment interest, and other damages.

64.    Defendants actions were willful and intentional and as such, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

65.    Plaintiff is also entitled to recover her reasonable attorney's fees and costs incurred herein.

## SECOND CAUSE OF ACTION
### (Failure to Meaningfully Engage in the Interactive Process and/or Withdrawal/Refusal of Accommodation – ADA and UADA)

66.     Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

67.     The ADA requires employers to accommodate the known disabilities of their employees.

68.     The ADA further requires an employer to engage in a meaningful and good faith interactive process with its disabled employees to determine a reasonable accommodation with respect to their jobs, and the time and manner in which such jobs and job functions are performed.

69.     Defendants personnel, its medical professionals, and agents, failed to engage, or adequately engage, in a meaningful and good faith interactive process with Plaintiff, and it expressly refused to engage, in whole or in part, in making reasonable accommodations for her;

70.     Plaintiff has a qualifying disability and she satisfactorily performed her job.

71.     Plaintiff could have continued to perform her job with or without reasonable accommodation.  In the alternative, Defendants could have made other reasonable accommodations to place Plaintiff in other suitable jobs in the workplace, but failed to engage with Plaintiff in a meaningful and good faith interactive process to determine such options.

72.     Defendants conduct violated the ADA, and as such, Plaintiff is entitled to recover her compensatory damages in an amount to be determined at trial, and she is entitled to make whole relief to include lost wages, benefits, front pay in lieu of reinstatement, pre-judgment and post-judgment interest, and other damages.

73.     Defendants conduct was willful and intentional and as such, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

74.     Plaintiff is further entitled to recover her reasonable attorney's fees and costs incurred herein.

**THIRD CAUSE OF ACTION**
**(Sexual Harassment/Hostile Work Environment/Gender-Female Discrimination – Title VII and UADA)**

75. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

76. Plaintiff is a female.

77. Plaintiff's Maintenance Manager, Josh, is a younger male.

78. Plaintiff was discriminated against and treated differently because she is an older female.

79. Defendants subjected Plaintiff to unwelcome, offensive, and sexually harassing conduct during her employment with Defendant by reason of her gender – female.

80. The workplace was unwelcome, offensive and sexually harassment was directed at Plaintiff.

81. The unwelcome, offensive and harassing discriminatory conduct was sufficiently severe. and pervasive as to unreasonably interfere with Plaintiff's mental health, emotional. well-being, and work performance as it created an intimidating, hostile and offensive working environment.

82. The unwelcome, offensive and harassing behavior continued even after Plaintiff requested that it stop.

83. Plaintiff suffered damages, to be determined at trial, as a result of the sexual harassment and the hostile work environment.

**FOURTH CAUSE OF ACTION**
**(Sexual Harassment - Quid Pro Quo – Title VII and UADA)**

84. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

85. Defendants actions constitute sexual harassment because the Manager Fok gave preferential treatment, benefits, and promotion(s) to the younger female employee in which Fok had an inappropriate relationship with – and thereby excluding Plaintiff from equal opportunity to advance or be promoted in the workplace.

86. Defendants committed quid pro quo sexual harassment against Plaintiff.

87. Defendants actions precluded Plaintiff from keeping her job because Defendants Manager sexually harassed Plaintiff causing her, in part, to be constructively discharged rather than keeping her job.

88. As a direct and proximate result of Defendants actions described herein, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

## FIFTH CAUSE OF ACTION
### (Retaliation – Title VII, ADA, ADEA, UADA)

89. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

90. Defendants intentionally, willfully, and wantonly retaliated against Plaintiff in response to her multiple protected complaints and her refusal to engage in sexual harassment in the workplace.

91. Such retaliation took place against Plaintiff within a relatively short period after she made protected complaints about discrimination, hostile work environment, and retaliation itself.

92. As a direct and proximate result of the Defendants actions, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

## SIXTH CAUSE OF ACTION
### (Constructive Discharge – Title VII, UADA)

93. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

94. At all relevant times alleged herein, Plaintiff was and is a member of a protected class or engaged in statutorily protected activity.

95. Plaintiff worked her job duties in a satisfactory manner.

96. Plaintiff was constructively discharged from her job by Defendants in retaliation for engaging in statutorily protected activity as alleged herein.

97. As a direct and proximate result of Defendants conduct, as described herein, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

## SEVENTH CAUSE OF ACTION
### (Age Discrimination – ADEA and UADA)

98. Plaintiff is a member of a protected group of persons between the ages of 40 years of age or older;

99. Plaintiff was subjected to an adverse employment action when she was treated differently based on age and she was terminated based on her age;

100.    A substantially younger person filled the position that Plaintiff held and from which Plaintiff was discharged;

101.    That plaintiff was qualified to do the job for which Plaintiff held and which job she was terminated from due to her age.

102.    Plaintiff has been harmed by the actions of Defendants and Plaintiff is entitled to damages at trial.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues which are triable to a jury.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

A.    On the Causes of Action, for judgment against Defendants for its discriminatory failure to accommodate, discriminatory suspension and discharge, and other violations of Plaintiff's rights under Title VII, the ADA, ADEA, and UADA and adjudging it liable to Plaintiff for equitable relief including lost wages, employment benefits, prejudgment interest, post-judgment interest, and front pay in lieu of reinstatement, and other compensation which was denied or lost to her as a result of Defendant's discriminatory conduct in violation of law;

B.    On all Causes of Action, for judgment declaring that Defendants took adverse employment actions against Plaintiff in retaliation for her complaining about discrimination participation in protected activities/asking for reasonable accommodations under the ADA, and as a result, for judgment finding Defendants liable to Plaintiff for all of her damages caused by the conduct, retaliation, including lost income, front pay, make whole and equitable relief, and such

other damages and relief as are available under the law, including compensatory and punitive damages.

C.     On all Causes of Action, for judgment against Defendants awarding Plaintiff special damages, including prejudgment interest on her wages, salary, employment benefits, or other compensation lost or denied to Plaintiff as a result of Defendant's  violations of the law;

D.     For judgment against Defendants awarding Plaintiff compensatory damages (including lost wages and benefits), and punitive damages in an amount to be established at trial;

E.     For Plaintiff's reasonable attorneys' fees, reasonable expert witness fees, and any other costs of the action;

F.     For pre-judgment interest from the date of all claims through current and post-judgment interest on all amounts awarded to Plaintiff herein accruing from the date of judgment to the date of satisfaction of judgment awarded herein; and,

G.     For such other and further equitable relief as this Court deems appropriate under the circumstances including employment, front-pay in lieu of reinstatement, promotion, and all other appropriate remedies.

DATED this 20th day of January, 2023.

*/s/ Neil Skousen*
Neil Skousen
Attorney for Plaintiff